### UNITED STATES v. DUNKLEY.

(District Court, N. D. California, First Division. September 28, 1916.)

No. 5906.

1. BANKRUPTCY ⊖⊃488, New, vol. 24 Key-No. Series—OFFENSES—STATUTES—"EXTORT."

Under Bankruptcy Act, July 1, 1898, c. 541, § 29b, 30 Stat. 554 (Comp. St. 1913, § 9613), providing for punishment upon conviction of the offense of having knowingly or fraudulently attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings, the word "extort" in view of other statutes, is not restricted to the unlawful taking as an officer, by color of his office, any money or thing of value not due him, but must be understood as including the taking or obtaining of anything from another by compulsion or exaction, whether by an officer or otherwise, and hence an attorney for a trustee in bankruptcy, who first opposed acceptance of a bid for the stock of the bankrupt and then forced the bidder to pay him a sum of money as a condition to his advising acceptance, is guilty of extortion within the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Extort.]

2. BANKRUPTCY ⊖⊃488, New, vol. 24 Key-No. Series—OFFENSES—STATUTES.

The fact that the attorney for the trustee was lawfully entitled to use his influence with the referee in the matter is no defense; the statute denouncing the offense of extorting money for acting or forbearing to act in bankruptcy proceedings regardless of the illegality of the action.

Louis P. Dunkley was indicted for a violation of the Bankruptcy Act, and he demurred. Demurrer overruled.

---

⊖⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

Herbert Choynski and James R. Kelly, both of San Francisco, Cal., for defendant.

DOOLING, District Judge. · [1] Defendant, an attorney, is charged with a violation of the following provision of subdivision "b" of section 29 of the Bankruptcy Act:

"b. A person shall be punished, * * * upon conviction of the offense of having knowingly and fraudulently. * * *

"5. Extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings."

The indictment alleges the following facts:

"That Capital Paint Company was adjudicated a bankrupt by this court and the proceedings referred to J. F. Pullen, referee; that H. T. Hobson was elected trustee, and defendant was his attorney in said bankruptcy proceedings; that before the referee there was pending on September 22, 1915, a petition filed by said Hobson, as trustee, through defendant as his attorney, asking that a sale be ordered of all the stock of said bankrupt; that such order of sale was made, and said sale was set for September 22, 1915, to be had before said referee; that at said time all of the bankrupt's stock was offered for sale; that the highest and best bid therefor was the sum of $1,500, and such sum was offered by one Sam Hersch; that when said bid was made the defendant, acting as the attorney for the trustee, protested, and advised the referee against the acceptance of said bid, and stated to said referee that said sum of $1,500 was an inadequate price for said goods, and requested that said sale be continued to the following morning, September 23, 1915; that pursuant to said request the said referee did continue said sale until said date, at which time defendant appeared before said referee and advised and persuaded him to accept said bid, and approve the same as the highest and best bid that could be obtained for said property; that following the continuance of the sale on September 22d, and before the sale thereof on September 23d, the defendant, by reason of his position as attorney for said trustee, did demand and receive from the persons of Sam Hersch and R. L. Scott the sum of $50 as a consideration for his acting in said bankruptcy proceedings in using his influence in causing the said referee to confirm the said sale, and accept said sum of $1,500 bid and offered by said Sam Hersch on September 22d; that said sum of $50 so demanded and received by said defendant was in further consideration of his forbearing to act in said bankruptcy proceedings, by making no effort to secure bids from persons other than the said Sam Hersch; that defendant was not entitled to said money, and the same was paid unwillingly, and under the fear that unless it was paid, the said property of the bankrupt would be sold to other parties; and that no part of said sum was accounted for by defendant or the said trustee in the bankruptcy proceedings."

It is then formally averred that defendant, in the manner and form aforesaid—

"did willfully, unlawfully, knowingly, and fraudulently extort money, to wit, the sum of $50 from the persons of Sam Hersch and R. L. Scott, as a consideration for his acting and forbearing to act in the bankruptcy proceedings of the Capital Paint Company, as hereinabove particularly set forth."

The sufficiency of the indictment is challenged by demurrer on the ground that it states no offense, the claim being that the word "extort" as used in the statute means "to take unlawfully, as an officer, by color of his office, any money or thing of value, that is not due, or more than

is due, or before it is due," and there is no allegation that defendant was an officer. It is quite true that at common law extortion was the unlawful taking by an officer, by color of his office, from any man any money or thing of value that is not due to him, or more than is due, or before it is due, and so the offense is defined by Blackstone. But the word "extort" has come to have a much wider meaning than this, and, as generally understood, it means the wrongful exaction of money or property; the taking or obtaining of anything from another by compulsion or oppressive exaction, whether by an officer or otherwise. The statutes too of most of the states have so enlarged the definition of extortion that the common-law meaning of the word is but one of many embraced therein. The Penal Code of this state, for example (section 518) defines extortion to be:

"The obtaining of property from another with his consent, induced by a wrongful use of force, or fear, or under color of official right."

And in the Code D. C. § 819, we find the provision that:

"Whoever verbally or in writing accuses or threatens to accuse any other person of a crime or any conduct which, if true, would tend to disgrace such other person, or in any way subject him to the ridicule or contempt of society, or threatens to expose or publish any of his infirmities or failings, with intent to extort from such other person anything of value or any pecuniary advantage whatever, * * * shall be imprisoned," etc.

Here manifestly Congress used the word "extort" in its wider meaning, and without any reference to official malfeasance, and it was held under this section that the intent of a bill collector to collect a debt due his principal by posting cards conspicuously on the debtor's door, having on them the collector's name and business and written demand for payment, was an attempt to extort money from the debtor. Slater v. Taylor, 31 App. D. C. 100, 18 L. R. A. (N. S.) 77.

I am of the opinion that in the Bankruptcy Act Congress did not intend that the provision in question should apply to officers alone, but to all persons who exacted money or property from any one as a consideration for acting or forbearing to act in bankruptcy proceedings.

[2] It is further urged that as defendant was legally entitled to use his influence with the referee to cause him to accept the bid in question, and was legally entitled to forbear to make any effort to secure other bidders, he could commit no offense in demanding and receiving money for the exercise of these rights. I cannot agree to this contention. The statute in question does not say that one shall not extort money from another as a consideration for acting or forbearing to act unlawfully, but for acting or forbearing to act at all. A creditor has the undoubted lawful right to oppose or to refrain from opposing a bankrupt's discharge, but if he should exact money from the bankrupt as a consideration for his forbearing to oppose such discharge, he would be guilty of the offense denounced by this section.

Here the trustee had the right to oppose the confirmation of the sale in question, and if the sum bid was inadequate it was his duty to do so. He was not bound to go about seeking bidders, nor was he bound to refrain therefrom, but these facts did not authorize his at-

torney so to take advantage of his position as attorney to demand and receive money from the bidders as a consideration, either for supporting the sale, or refraining from seeking other bidders, and if he did so, as the indictment avers, he violated the section of the Bankruptcy Act under which he is charged.

The demurrer to the indictment will therefore be overruled.